Donald J. Sullivan, J.
This article 78 proceeding is brought by petitioner Liebman who requests the court to annul the proceedings of the respondents, which resulted in the appointment of respondent Ruby Cunningham as "provisional Senior Statistician” and the denial of said position to the petitioner.
Petitioner was one of six New York City Housing Authority statisticians who in 1976 took an examination administered by the New York City Civil Service Commission to fill the position of senior statistician. Petitioner was the only one to pass the exam in 1976, yet he was not appointed a senior statistician. Instead, Ruby Cunningham, who had failed to pass the exam, was made a "provisional Senior Statistician” until such time as a permanent appointment could be made. The only reason given by respondents to account for this anomaly is that because the civil service promotion list contained only *855 one name, viz., petitioner’s, it "was insufficient to permit the reasoned selection of an individual who, by character and disposition would be best qualified to serve in the supervisory position of Senior Statistician on a permanent basis”.
In other words, absent any other factors, the respondents rejected the petitioner’s candidacy, even to £11 the vacancy on a temporary basis, notwithstanding the fact that petitioner alone had passed the requisite examination. Indeed, the respondents chose to fill the vacancy by appointing, albeit provisionally, an individual who had failed to pass the examination. On this basis alone, the court holds that the respondents’ action was totally without a rational basis and constitutes arbitrary and capricious conduct, par excellence. The court need not reach the issue of racial and sexual discrimination, which is the subject of a grievance brought by petitioner in a separate action before the Human Rights Commission. The court finds that the instant complaint bespeaks a disregard by respondents of the spirit and letter of the State Constitution which mandates that civil service appointments be made, as far as practicable, on the basis of merit ascertained by examinations (NY Const, art V, § 6).
While it is true that the Civil Service Law specifies that an eligible promotion list must contain at least three names (Civil Service Law, § 61, subd 1) this applies only to the selection of permanent appointees. In the absence of three names from which to choose, the respondents are authorized in their discretion to fill vacancies on a temporary basis. The objection to respondents’ exercise of discretion here is that they chose one candidate who failed the requisite examination, over another candidate who passed it, without any explanation as to the basis for their decision. The law cannot tolerate the abuse of discretion in this manner. Petitioner was entitled, at the very least, to a statement of the reasons why he was not chosen temporarily to fill the vacancy, pending completion of the list. If respondents had a good reason for rejecting him, they should have, in the interests of justice and fairness, communicated this reason to him.
The court further notes the apparent difficulty of the examination at issue and the fact that the subject list has not had three names on it for some time. Furthermore, it is obvious that when six individuals take an exceedingly difficult exam, the likelihood of three candidates passing it is not good. Where a given civil service position places a premium on *856 intellectual accomplishment as demonstrated by appropriate examination, the mere exercise of respondents’ discretion, absent a rational reason therefor, is inadequate to dismiss the credentials of one who has passed the requisite civil service examination and has thus sufficiently demonstrated his abilities to create a presumption of his competence. Though not a guarantee of getting the promotion, this presumption must be rebutted.
Finally, the court rejects respondents’ contention that it lacks subject matter jurisdiction over the instant petition. The relevant provisions of the Executive Law, cited by respondents, apply to grievance proceedings instituted on the basis of alleged sexual, racial, ethnic or religious discrimination. This is not at issue here.
Accordingly, the petition is granted to the extent that respondents’ selection of Ruby Cunningham to fill the subject vacancy is nullified. Respondents are directed to fill the vacancy at issue in a manner not inconsistent with this decision.